Good morning, Your Honors. The fundamental issue in this case that's presented to the Court is, did the Appeals Council of the Social Security Administration violate its own process, violate and mislead Mr. Casey by at least on four occasions telling him that he was wrong? If he had more time and it would consider the evidence that had been presented on the record, and did the Appeals Council of the Social Security Administration violate due process by doing so? We believe it did on July 2013 when the Appeals Council abruptly and without explanation and contrary to what it had previously told Mr. Casey that there would be more time for him to gather evidence of the prejudice caused him by the representations while he was in the Witness Protection Program. Mr. Butts, this is obviously a highly unusual case. It is. To put it mildly, when was Mr. Casey in the Witness Protection Program? He was officially in the Witness Protection Program from 1981, give or take a few months, that was not apparent, but it is 1981 or 82, to and through and including 2009. Indeed, 2009 was when he received notice from the Social Security Administration that the Social Security Administration believed there were overpayments. And Casey is the name he used before the Witness Protection Program? Yes, Your Honor. There's some correspondence in the record with his name Casey during that time while he's in the program, according to you. Yes. What was happening? In 1984, Your Honor, he received word that his children in Indiana were literally living in the backyard of neighbors in a tent on some occasions and even without a tent on other occasions. And he... So they weren't part of the program? But at great risk to himself, he left physically where he was in a Witness Protection Program to essentially rescue his children from abandonment of his ex-wife who was involved in the gang issues that he testified about. But he was still officially, as best we can tell, part of the Witness Protection Program until 2009. Go ahead. You know, it's rather vague about the amount of time that passed between Mr. Casey becoming aware of the ALJ's decision and his first request for an extension of time. Is that information in the record? It is, Your Honor, and it's in our brief in which his previous counsel had stated to the appeals counsel after the ALJ had ruled in 2011 in August that they were denying his request to overturn this notice. That he had received overpayments, and his counsel notified the appeals counsel that he had not received that decision. And indeed, the appeals counsel said, fine, we'll give you some more time even, and that is what occurred. He stated what was good cause shown, which pursuant to 20 CFR 404.911, was a reason for good cause that his counsel had not received the decision from the ALJ. The... Go ahead. Oh, gosh. I mean, I assume that to this day he's been unable to produce any proof that he was promised benefits for life. Well, then... So, why are we even arguing about whether he should have been given more time to come up with evidence? Even if the SSA had decided his appeal on the merits in the final stage, is there any reason to think that the outcome would be any different here? First of all, our argument is the Social Security Administration prejudiced him and violated the due process rights that were at least owed to him. And they cannot benefit from their wrongdoing. If anybody should benefit, it should be Mr. Casey, who was never permitted to show his evidence, even though they had assured him at least of the ability that the appeals counsel would consider what was on the record. Right. But have you got additional evidence to submit at this point? Right. Or are you still stuck with the ALJ record? We provided to the Social Security Administration its evidence that was provided to Mr. Casey of the Social Security Administration's at least seven years of knowledge from 2002 through and including 2009 of its knowledge of his income. Yet, they continued to pay him the payments. And that was because he asked, while he was in the Witness Protection Program, through his U.S. Marshal, Lee Tart, to continue those payments as part of his Witness Protection Program. Is Marshal Tart available to testify about this? Well, as unique cases would happen, as is my practice of unique cases, he passed away, according to information that's not in the record, Your Honor. We did find his obituary last month. But the U.S. Marshal's office, and this is in the record, would simply not communicate with him for the reasons that Mr. Casey relied on him. And the only thing the Social Security Administration offers as evidence that he should not have relied on it was because it was unreasonable to rely on the U.S. Marshal in charge of his Witness Protection Program. He's the only... You're in the Rebuttal Council. If you want, do what you want. I will. I do have one quick question, though. Sure, Your Honor. There seems to be a finding that he has significant assets, that he has an income of approximately $15,000 a month and assets totaling a half a million dollars. Yet you've asserted that he has no source of income and that it would be inequitable to force a repayment. What's the basis in the record for that claim? Aren't we bound by that finding of his income and his assets? Well, our answer is that was false and it would be difficult to build those kinds of assets while on the Witness Protection Program. And he was denied by the Appeals Council in violation of due process rights to show that to be false. But he was gathering evidence as fully permitted and told to him by the Appeals Council when the Appeals Council, sua sponte, dismissed his appeal abruptly, even though they told him he could submit new evidence and rebuttal evidence. And that was completely and inexplicably violated when, in July of 2013, the Appeals Council said, time's up, we misled you, sorry, move on. Well, that's a rough paraphrase. We'll leave it at that. Thank you, counsel. Thank you. We'll now hear from counsel for the government, Mr. Truitt. Thank you, Your Honor. May it please the Court, I'm Eric Truitt on behalf of the Commissioner. These facts are certainly unusual, but the legal principles are actually Civil Procedure 101. If you look at the complaint, if you accept all of the facts asserted in the complaint as true, he still hasn't stated a claim for relief. It's clear under Section 405G of the Act and the Boley decision that there's no review of the ALJ's decision when the Appeals Council dismisses the request for review. Well, let's talk about that dismissal, okay? You said in your brief, Mr. Truitt, that the Appeals Council never granted Casey's request for an extension of time to file a request for review, and it's unlikely it would, let's see, if they had, in fact, granted Casey's request for an extension of time to request review, it is unlikely that it would have later rescinded that determination without explanation, right? That's page 19. And I assume that's because it would have been so arbitrary to have done so. I mean, again, without explanation, I mean, there would have been no grant, there would have been no explanation for granting it in the first place. If you look at Section 971 of our regulations. I'm asking you to look at the letter of April 12, 2012. Yes. And what it says is we have granted your request for more time before we act on your case. That's essentially... Do you want to read that as saying we're keeping your request for extension of time under advisement? That's your theory, right? What the Appeals Council does is the Appeals Council, you file your request for review. Sometimes people may have new evidence that's relevant to their request for review, and the Appeals Council will say, okay, we will not act on your request for review for a certain period of time to allow you to submit new evidence. I'd like to point out that this April 12, 2012 letter that he's construing as forgiving the untimely filing, it's from a legal assistant, and there's no mention of good cause at all. So what? It says we have granted your request for more time before we act on your case. Right, and he had asked... Correct. The assistant has the authority to... And it then says any more evidence must be new and material to the issues considered in the hearing decision dated August 25, 2011, meaning the merits of his request for a waiver, correct? I mean, that's what that, you know, unfortunately this is a form letter, and he's asking for two things. He's asking for time to... So what was granted? What was granted was the Appeals Council agreed not to adjudicate his request for review for a certain number of days. And if you look at Section 971 of the regulations, there's a requirement of a showing of good cause. And he offered a showing and gets this letter saying we've granted your request, and if you want to send us any more evidence, it needs to be about the merits, not about timeliness. I mean, I find it highly unlikely that they would let a legal assistant make a finding about good cause with no evidence. Well, then why didn't the SSA not simply reject the claim on the merits at that point? The reason why they didn't adjudicate the merits is because the... they're not adjudicating any explanation of good cause, and if you get past that step, you would then adjudicate the merits of review. They don't issue two separate orders. In cases where the Appeals Council grants the... finds good cause, they do that in the same order as then adjudicating the merits of the request for review. So here again, you know, I just have a very hard time reviewing, seeing this as a legal assistant being able to find good cause. As a practicing lawyer, if I had gotten this, I would have figured I'd be wasting the government's time and my client's money by submitting additional evidence on the timeliness issue. You've criticized the submission as unsworn and unverified. Is there a legal requirement that a lawyer's report as to the reasons for good cause be sworn or verified? It's not a legal requirement, but in this case... Well, where did it come from here? I mean, I'm just pointing out that the evidence itself is not compelling. Really? I mean, a lot of extensions of time, counsel, a lot of extensions of time get granted in tribunals where it may not be a compelling request, but, you know, you want to decide things on the merits, not based on blown deadlines, and so you let it go, even if, as a decision maker, even if it might have been possible to put up a fuss about it. But once you've said it's timely, then you put that issue behind you and focus on the merits, and that's what your legal assistance letter does here. But it says for more time before we act on your case. And look at what it says about the evidence to be submitted. Right, but that's an unfortunate aspect of a form letter. It's not necessarily... Oh, come on. I mean, that sentence appears in every single one of these types of documents that I've seen. Well, that's unfortunate under these circumstances. Could you look at page 43 of the appendix? See, I think that was the dismissal order. Yes. And it says, if you look down at about the fourth paragraph, on April 24, 2012, the claimant requested an additional 30 days to provide additional information before to complete, I guess that's just a typo, a good cause statement, and to provide the administration with additional evidence regarding his late filing. Now, that refers us back to the April 24, 2012 letter, right, which is appendix 83. Thank you. I'm looking at that letter trying to find a request to provide additional information regarding good cause for the late filing or additional evidence about the late filing. And the order dismissing by the Appeals Council is not a form order. No, it's not. But I don't see how somebody who read the April 24, 2012 letter could describe it this way. Okay, assuming that you're, it is true that this letter from Plaintiff's Counsel does not mention that. Assuming that you're correct and there was some confusion, the confusion occurred after the filing was already untimely. It doesn't excuse the untimely filing because later there was some confusion. After he's already been told, we're going to consider your case. You also mentioned the point, Counsel, in your brief. You thought that the plaintiff had waived this issue in the district court by not presenting it properly in his original opposition to the motion to dismiss. I mean, I started off with pointing out that the complaint does not assert any facts. And then in his motion in opposition, I believe he was relying on an 11th Circuit acquiescence ruling, which has no application because he chose to file suit in the 7th Circuit jurisdiction. You know, the SSA faulted Casey for not confirming the alleged promise by Agent Tart. He says he could communicate about the matter with no one but Agent Tart due to his status in witness protection. How was he supposed to confirm the agent's promise, particularly, you know, without putting himself in jeopardy of some sort? I mean, factually, I'm not sure how he would confirm that promise. Well, if you're not sure, how can he be sure and how can we be sure? Well, he had several contacts. First of all, again, the merits of the ALJ's decision are not reviewable. It's only the Appeals Counsel's dismissal order. But second, looking at the merits, the ALJ found that he had several contacts with the field office. And the key point here is, regardless of whether he could prove it or not, the fact that he was, as of that point, unable to prove it, he had contact with the Social Security Administration and he continued to rely, allegedly, on this unverified assertion from a marshal that he was entitled to Social Security Disability Benefits for Life. The ALJ found that that was objectively unreasonable. Why would that be unreasonable? Why would that be unreasonable for somebody who has one contact with the federal government under his identity? How could the marshal guarantee him Social Security Benefits for Life, regardless of whether he worked or not? He's the point of contact. Those deals are custom deals. He is the government in this situation. And somebody in that program is utterly dependent upon that person. He went to the Social Security Office in 1994. So, regardless of what Agent Tartt may have told them back in the day, you can see in the ALJ's decision that he had contact with the Social Security Administration in 1994. I believe he made his children the representative payees. So this notion that he only had access to information from one person during the period of the overpayment, the ALJ addressed that in the decision.  There's no facts asserted in the complaint that support the relief that he's now seeking. There's nothing in the complaint that mentions the Appeals Council's good cause finding. There's nothing in the complaint that mentions any facts about his good cause. All of the facts asserted in the complaint, even if you accept them as true, they don't state a claim because the ALJ's decision is not reviewable, where the Appeals Council dismisses the request for review. Do you think there's something catch-22 about this whole case? Catch-22 it is, not 24. Go ahead. 22, what did I say? You know, he says he never hid his income from SSA. You say that SSA was not aware of his income for certain periods. So where in the record is this fact dispute resolved? A couple things about that, Your Honor. First of all, the mere fact that someone shows up income, say, on a tax form or something like that, that doesn't necessarily mean that they're performing substantial gainful activity and ineligible for disability benefits, because you can work part-time or you can work under special programs and still retain eligibility. A second important point there is that eligibility is on a quarter-by-quarter basis. So even if the agency knew that the claimant had received a certain amount of money in a certain amount of year, he may have been eligible during certain periods and ineligible during other periods, depending upon when he earned that money. And then the third thing is that because of the posture of this case, we don't have a full administrative record. We filed a motion to dismiss, and when we file a motion to dismiss, What would you suggest we do to remedy that problem? I suggest that you remedy the problem by simply affirming the judgment of the district court. He hasn't pleaded a claim. He never sought to amend the claim. If that's your only solution, it's not much of a solution. It addresses the problem you just raised. Thank you, counsel. Mr. Betz, how much time is left? One minute. We believe, and Mr. Casey does, that the nature of the argument you just heard, that it was a form letter, and indeed that the ALJ's decision simply was not reviewable, is indeed arbitrary per se, as applied to this case as well. And it is the essence of what we're arguing. Assuming the matter is reviewable, you seem to have the court on your side at the moment. You can keep talking and talking. I appreciate that, and I'm going to abide by the rule of sit down, shut up, because you'll probably screw it up if you keep talking. Thank you. Thank you, counsel. For both sides, the case is taken under advisement.